**Jamin S. Soderstrom, Bar No. 261054**
**jamin@soderstromlawfirm.com**
**SODERSTROM LAW PC**
**3 Park Plaza, Suite 100**
**Irvine, California 92614**
**Tel:  (949) 667-4700**
**Fax:  (949) 424-8091**

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIC WEBER and BRYAN REES, individually and on behalf of all others similarly situated,**<br><br>          **Plaintiffs,**<br><br>v.<br><br>**AMAZON.COM, INC. and AMAZON SERVICES LLC,**<br><br>          **Defendants.** | **Case No. _____**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Eric Weber and Bryan Rees ("Plaintiffs") file this nationwide class action against Defendants Amazon.com, Inc. and Amazon Services LLC ("Defendants") and allege as follows:

## JURISDICTION

1.      This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiffs claims arise under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") and the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq. ("ECPA"). The Court also has original jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the total amount in controversy exceeds $75,000. The Court also has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action, there are more than 100 class members, the parties are diverse, and the total amount in controversy exceeds $5,000,000.

2.      The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because they are so closely related to Plaintiffs' federal law claims that they form part of the same case or controversy.

3.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2) because both Defendants have a significant presence in California and a substantial part of the events and omissions that give rise to Plaintiffs' claims occurred in this district.

## PARTIES

4.      Plaintiff Eric Weber is a citizen and resident of Los Angeles County, California.

5.      Plaintiff Bryan Rees is a citizen and resident of North Carolina.

6.      Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Washington.

7.      Defendant Amazon Services LLC is a Nevada limited liability company with its principal place of business in Nevada.

///

///

CLASS ACTION COMPLAINT

## DEFENDANTS' UNLAWFUL CONDUCT

8.    This nationwide class action concerns Defendants' practice of charging—and allowing their affiliates and supported retailers to charge—non-designated payment methods stored on Amazon.com without notice or consent whenever the designated payment method is declined for any reason.

9.    Consumers are required to provide Defendants with a payment method—e.g., a debit card, credit card, or bank account information—in connection with any purchases made on Amazon.com.

10.    Defendants do not tell consumers during the payment method submission process that their payment methods will be stored on Amazon.com automatically and indefinitely unless the consumers affirmatively delete them. Defendants also do not tell consumers that any payment method stored on Amazon.com could be charged at any time without notice if the Amazon account holder (who oftentimes is not the cardholder or bank account holder) signed up for a monthly or annual subscription service offered by Defendants or their affiliates or supported retailers. The relevant subscription services subject to Defendants' policy and practice include, but are not limited to, Amazon Prime, Amazon Music, Amazon Cloud, Kindle Unlimited, Subscribe with Amazon, and Audible.

11.    Defendants' policy and practice is designed to ensure that they, their affiliates, and the retailers they support are always paid for subscription-based products and services even when a consumer's designated payment method is cancelled, expired, or revoked (i.e., the consumer deletes it). Defendants do not clearly inform consumers about their policy and practice, however, and they do not even limit the policy and practice to payment methods of the same type or with the same last name. For example, if a consumer's personal debit card designated for monthly payments is declined for any reason, Defendants could automatically charge (or allow their affiliate or a supported retailer to charge) a non-designated corporate credit card in a different person's name.

///

CLASS ACTION COMPLAINT

12.     Defendants also fail to properly disclose their policy and practice of sharing consumers' sensitive payment information with their affiliates and supported retailers in their "Privacy Notice" or in any other disclosure. Defendants tell consumers that the private payment information provided to Amazon.com is secure and will remain private even though Defendants routinely share such information with undisclosed third parties who then use it without notice or authorization.

13.     Defendants' policies, practices, and disclosures (or lack thereof) are applied uniformly to all consumers nationwide and violate numerous federal and state laws.

14.     **Plaintiff Eric Weber.** Weber used a corporate credit card in mid-2017 to purchase work supplies on Amazon.com at his boss's request. When Weber made the purchase on Amazon.com, he provided Defendants with the corporate credit card information as required. Defendants never told him that the corporate credit card would be stored permanently on his Amazon.com account unless he affirmatively deleted it, and Defendants never asked him and he never consented to have the corporate credit card designated to be charged automatically in connection with any future purchases.

15.     Weber reasonably expected that the corporate credit card would only be charged in the future with his express authorization.

16.     Several months later in 2017, Weber was confronted by his boss about charges made by Audible to the corporate credit card. Weber had signed up for Audible (an affiliate of Defendants that offers subscription products and services) earlier in 2017, but he had designated one of his personal credit cards for payments to Audible. He did not designate the corporate credit card for payments to Audible. After investigating the charges, Weber determined that (i) the corporate credit card had automatically been stored on his Amazon.com account, (ii) Defendants had initiated two automatic transfers of $14.95 from the corporate credit card to Audible without his authorization and without notifying him beforehand or after-the-fact, and (iii) the automatic charges on the corporate credit card would have continued had he not learned of them from his boss and affirmatively deleted the corporate credit card from his Amazon account.

CLASS ACTION COMPLAINT

17.     The unauthorized charges Defendants initiated from the corporate credit card caused problems at Weber's work, and he was required to spend multiple work hours trying to fix the situation.

18.     **Plaintiff Rees.** Rees used his girlfriend's Amazon.com account to make a purchase with his personal debit card several years ago. When Rees made the purchase, he provided Defendants with his debit card information. Defendants never told him that his debit card would be stored permanently on his girlfriend's Amazon.com account, and Defendants never asked him and he never consented to have his debit card charged automatically in connection with any future purchases.

19.     Rees reasonably expected that his debit card would only be charged in the future with his express authorization. He never authorized his girlfriend to make any purchases using his debit card, and she never made any purchases on Amazon.com using his debit card.

20.     In September 2017, Rees discovered an unauthorized charge for $15.96 by Audible on his debit card. He later discovered that another unauthorized charge for $15.96 had been made by Audible in August 2017. Rees had never been an Audible customer, but his girlfriend was an Audible member. Rees's girlfriend had one of her personal cards designated for payments to Audible and had never designated Rees's debit card for payments to Audible. After investigating the charges, he determined that (i) Defendants automatically stored his debit card on his girlfriend's Amazon.com account, (ii) Defendants had initiated both payments from his debit card to Audible automatically without notifying him or his girlfriend, and (iii) the charges would have continued automatically each month had he not discovered them and asked his girlfriend to delete his debit card from her Amazon.com account.

21.     Neither Rees nor his girlfriend received any notice from Defendants or from Audible that her designated card had been declined, were asked to designate an alternative payment method, or received notice that transfers had automatically been made from Rees's debit card to Audible.

CLASS ACTION COMPLAINT

# CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this action as a proposed nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes and Subclasses. Plaintiffs reserve the right to amend the following definitions before the Court determines whether class certification is appropriate or upon leave of Court.

## Class

> All individual consumers in the United States who had an automatic transfer initiated from a non-designated payment method stored on Amazon.com.

## California Subclass

> All individual consumers in California who had an automatic transfer initiated from a non-designated payment method stored on Amazon.com.

## North Carolina Subclass

> All individual consumers in North Carolina who had an automatic transfer initiated from a non-designated payment method stored on Amazon.com.

23.     Excluded from the proposed Class and Subclasses are Defendants and their parents, subsidiaries, affiliates, officers, directors, and current and former employees; all individuals who make a timely election to be excluded from this proceeding using the correct opt-out protocol; any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

24.     **Numerosity**. The members of the proposed Class and Subclasses are so numerous that joinder is impracticable. Plaintiffs estimate that there are thousands of Class members in the United States and Subclass members in California and North

///

CLASS ACTION COMPLAINT

Carolina. The number and identity of Class and Subclass members are easily identifiable and ascertainable based on Defendants' business records.

25. **Commonality and Predominance**. Common questions of law or fact that will drive the resolution of this case include, but are not limited to:

        a.    Whether Defendants properly disclosed their payment method storage and charging policies.

        b.    Whether Defendants' payment method storage and charging policies are unconscionable.

        c.    Whether the transfers initiated by Defendants are subject to the Electronic Funds Transfer Act.

        d.    Whether initiating transfers from a non-designated payment method constitutes an unauthorized transfer and/or conversion.

        e.    Whether Defendants or their affiliates or supported retailers obtained consent or authorization to charge non-designated payment methods without notice (including non-designated payment methods that were not in the same name or of the same type as the designated payment method).

        f.    Whether Defendants provide sufficient privacy disclosures on Amazon.com concerning the third parties with whom they share payment information and to whom they make automatic transfers of funds.

26. In addition to the common questions of law and fact that will drive this case, Defendants engaged in a common course of conduct applied toward all Amazon account holders and all cardholders who have a debit or credit card stored on an Amazon account. Any individual questions that may arise in this case will pale in comparison to the numerous common questions.

///

///

27. **Typicality**. Plaintiffs' claims are typical of the proposed Class and Subclass members' claims because:

    a.    Plaintiffs are subject to the exact same or substantially similar disclosures.

    b.    Plaintiffs are subject to the exact same or substantially similar payment method storage and charging policies and practices.

    c.    Defendants are unjustly enriched by automatic fund transfers from Plaintiffs' and other consumers' payment methods made without authorization.

28. Given the identical or substantially similar nature of Plaintiffs' and proposed Class members' claims, and given the absence of material differences in the relevant statutes and common laws on which the claims are based, a nationwide Class and various Subclasses may be easily managed by the Court and the parties.

29. **Adequacy of Representation**. Plaintiffs will fairly and adequately protect the interests of all proposed Class and Subclass members. Plaintiffs have retained counsel experienced in complex commercial litigation and consumer class actions, and Plaintiffs and their counsel intend to prosecute this action vigorously. Plaintiffs have no interests that are adverse or antagonistic to those of the Class members.

30. **Ascertainability**. Defendants' and their affiliates maintain detailed records of all payment methods, terms, policies, and transfers made to or from Amazon.com. The precise number and identity of Class and Subclass members can easily be determined by reference to Defendants' business records. As such, Class and Subclass members are easily ascertainable and can be personally notified of the pendency of this action by first class mail, electronic mail, and/or published notice calculated to reach all such members.

///

///

///

///

CLASS ACTION COMPLAINT

31.    **Superiority of a Class Action**. The proposed Class and each of the proposed Subclasses should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure because:

    a.    Prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

    b.    Prosecution of separate actions by individual Class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other Class members who are not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

    c.    Individualized litigation would increase the delay and expense to all parties and the court system from the issues raised by this action; by contrast, the class action procedure provides the benefits of adjudicating these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and it presents no unusual management difficulties.

    d.    Unless a class-wide injunction is issued, Defendants will continue to commit the violations described herein, and the members of the Class and the general public will continue to be misled and injured.

    e.    Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis, making the class action procedure superior to alternative means of prosecution.

    f.    Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and Class members, thereby supporting the

CLASS ACTION COMPLAINT

1  imposition of uniform relief to ensure compatible standards of

2  conduct toward all Class members.

3  32.  For these reasons, this case should be certified as a nationwide class action.

4  **CAUSES OF ACTION**

5  **Count One**

6  **Violation of the Electronic Funds Transfer Act ("EFTA")**

7  **15 U.S.C. § 1693 *et seq.***

8  33.  Plaintiffs incorporate by reference the foregoing paragraphs.

9  34.  The EFTA regulates electronic fund transfers in connection with consumer

10 transactions. The primary objective of the EFTA is to provide for and protect individual

11 consumer rights.

12 35.  Defendants have initiated unauthorized electronic transfers of funds from

13 electronic payment methods stored Amazon.com accounts. The transfers were made on

14 a recurring basis at substantially regular intervals without first obtaining written

15 authorization from Plaintiffs and similarly situated consumers and without providing

16 them with a copy of any such purported authorization.

17 36.  The transfers made from Plaintiffs' and similarly situated consumers'

18 payment methods were both unauthorized and improperly preauthorized in violation of

19 the EFTA. Defendants did not obtain Plaintiffs' and similarly situated consumers'

20 consent to charge non-designated payment methods, and did not inform Plaintiffs and

21 similarly situated consumers of the terms and conditions of any such transfers or inform

22 them of the amount of such transfers made from non-designated payment methods.

23 37.  Plaintiffs and other similarly situated consumers have suffered damages as

24 a result of Defendants' violations of the EFTA. The damages include, but are not limited

25 to, unauthorized transfers made from their electronic payment methods and related

26 damages such as additional interest, fees, costs, time spent trying to reverse or correct

27 unauthorized or improperly preauthorized charges, and exposure to the risk that the

28 ///

1 payment method issuers could assert a breach of contract claim or terminate the
2 underlying contract.

3   38.    Plaintiffs, individually and on behalf of all similarly situated consumers,
4 seek actual damages, statutory damages, individual, representative, and public injunctive
5 relief preventing further violations, and reasonable costs and attorneys' fees.

6 **Count Two**

7 **Violation of the Electronic Communications Privacy Act ("ECPA")**

8 **18 U.S.C. § 2510 *et seq.***

9   39.    Plaintiffs incorporate by reference the foregoing paragraphs.

10   40.    The transmission of electronic payment information data by Plaintiffs and
11 similarly situated consumers between their computers or mobile devices and Defendants'
12 websites—including but not limited to transmission of their debit card, credit card, and
13 bank account information—constitutes "electronic communications" within the meaning
14 of the ECPA.

15   41.    Defendants intentionally intercepted and procured their affiliates to
16 intercept Plaintiffs' and similarly situated consumers' electronic communications
17 without their knowledge, consent, or authorization.

18   42.    Defendants also intentionally disclosed and endeavored to disclose among
19 themselves and their affiliates and supported retailers the contents of Plaintiffs' and
20 similarly situated consumers' electronic communications without Plaintiffs' or similarly
21 situated consumers' knowledge, consent, or authorization, knowing that the information
22 was obtained through the interception of an electronic communication.

23   43.    Defendants also intentionally used and endeavored to use the contents of
24 Plaintiffs' and similarly situated consumers' electronic communications without
25 Plaintiffs' or similarly situated consumers' knowledge, consent, or authorization,
26 knowing that the information was obtained through the interception of an electronic
27 communication.

28 ///

44.     Plaintiffs and similarly situated consumers have suffered damages caused by Defendants' violations of the ECPA. The damages include but are not limited to unauthorized transfers from their electronic payment methods and related damages such as additional interest, fees, costs, time spent trying to reverse or correct unauthorized charges, and exposure to the risk that the payment method issuers could assert a breach of contract claim or terminate the underlying contract.

45.     Plaintiffs, individually and on behalf of all consumers similarly situated, seek preliminary, equitable, and declaratory relief as may be appropriate; the greater of the sum of the actual damages suffered and the profits obtained by Defendants as a result of their violations or statutory damages; punitive damages; and reasonable costs and attorneys' fees.

## Count Three

### Fraud in the Inducement / Misrepresentation

46.     Plaintiffs incorporate by reference the foregoing paragraphs.

47.     Defendants fraudulently induced Plaintiffs and similarly situated consumers to provide Defendants with payment methods by omitting material information during the payment method submission process concerning (i) how Defendants would store and use such payment methods in the future, (ii) how and to whom Defendants would provide information concerning and access to such payment methods, and (iii) how, when, and who would be permitted to initiate automatic transfers or otherwise make charges to such payment methods without express consent and authorization.

48.     Defendants knew or should have known that its statements and omissions concerning the storage and use of payment methods on Amazon.com were misleading and that Plaintiffs and similarly situated consumers would not have provided payment methods to Defendants and/or allowed Defendants to store their payment methods had all material information concerning Defendants' storage, charging, and disclosure policies been fully and accurately disclosed.

///

49.    Alternatively, Defendants negligently made statements and omissions that caused Plaintiffs and similarly situated consumers to reasonably believe their payment methods would be stored securely and would only be charged or disclosed with their express consent and authorization. Defendants owed a duty of reasonable care to Plaintiffs and similarly situated consumers, and Defendants breached such duty by failing to provide all material information concerning their storage and use or disclosure of payment methods provided to Amazon.com.

50.    Plaintiffs and similarly situated consumers justifiably relied on Defendants' statements and omissions to their detriment and suffered damages as a result. The damages include but are not limited to unauthorized transfers from payment methods and related damages such as additional interest, fees, costs, time spent trying to reverse or correct unauthorized charges, and exposure to the risk that the payment method issuers could assert a breach of contract claim or terminate the underlying contract.

51.    Plaintiffs, individually and on behalf of similarly situated consumers, are entitled to recover all damages caused by Defendants' unlawful conduct. Plaintiffs also seek an award of costs and reasonable attorneys' fees under Cal. Code Civ. P. § 1021.5.

**Count Four**

**Conversion**

52.    Plaintiffs incorporate by reference the foregoing paragraphs.

53.    Plaintiffs and similarly situated consumers have clear legal ownership and right to possession and exclusive use of the payment methods they provide to Defendants on Amazon.com.

54.    Defendants have interfered intentionally and substantially with Plaintiffs' and similarly situated consumers' rights related to owning, possessing, and using the payment methods they do not designate for automatic payments to Defendants or their affiliates or supported retailers.

///

///

55. Defendants initiate transfers from or otherwise make charges to Plaintiffs' and similarly situated consumers' payment methods stored on Amazon.com automatically and without notice or consent whenever a designated payment method is declined for any reason.

56. Defendants never obtained Plaintiffs' or similarly situated consumers' consent or authorization to initiate transfers or make charges to non-designated payment methods stored on Amazon.com.

57. Defendants' actions actually and substantially interfered with Plaintiffs' and similarly situated consumers' ownership and possession of their payment methods stored on Amazon.com, and Plaintiffs and similarly situated consumers have suffered damages caused by Defendants' interference. The damages include but are not limited to unauthorized transfers from or charges to non-designated payment methods and related damages such as additional interest, fees, costs, time spent trying to reverse or correct unauthorized charges, and exposure to the risk that the payment method issuers could assert a breach of contract claim or terminate the underlying contract.

58. Plaintiffs, individually and on behalf of similarly situated consumers, seek an injunction and other necessary orders or judgments that will prevent Defendants from initiating transfers from or making charges to non-designated payment methods; damages in an amount that would fully compensate them; restitution that restores the full amount of their money or property; and disgorgement of Defendants' related profits and proceeds. Plaintiffs also seek an award of costs and reasonable attorneys' fees under Cal. Code Civ. P. § 1021.5.

**Count Five**

**Interference with Contracts**

59. Plaintiffs incorporate by reference the foregoing paragraphs.

60. Plaintiffs and similarly situated consumers have valid and enforceable contracts with the issuers of their payment methods (e.g., the banks that issues their debit

///

CLASS ACTION COMPLAINT

cards and credit cards). Such contracts only permit authorized users to initiate transfers from or make charges to the payment methods that are subject to such agreements.

61.     Defendants knew or should have known about Plaintiffs' and similarly situated consumers' contracts with the issuers of their payment methods. Defendants also knew or should have known that they were not permitted to authorize transfers from or charges to non-designated payment methods, and that doing so would place the cardholder in breach of the contract terms (or make such contracts more difficult for consumers to perform). In other words, only authorized users are permitted to initiate transfers from or make charges to a debit card or credit card, and Defendants knew they were not authorized users.

62.     Defendants intentionally interfered with Plaintiffs' and similarly situated consumers' contracts with the issuers of their payment methods. Defendants' wrongful actions included initiating transfers from or making charges to, or permitting their affiliates or other retailers to make charges to, Plaintiffs' and similarly situated consumers' payment methods automatically and without notice, consent, or authorization.

63.     Alternatively, Defendants negligently interfered with Plaintiffs' and similarly situated consumers' contracts with the issuers of their payment methods. Defendants owed a duty to act with reasonable care and Defendants breached their duty. Defendants' wrongful actions included initiating transfers from or making charges to, or permitting their affiliates to make charges to, Plaintiffs' and similarly situated consumers' payment methods automatically and without notice, consent, or authorization.

64.     Defendants' actions caused Plaintiffs and similarly situated consumers to breach the contracts with the issuers of their payment methods, or caused their performance of the contracts to be more difficult, and caused them to suffer damages. The damages include but are not limited to unauthorized transfers from or charges to payment methods and related damages such as additional interest, fees, costs, time spent

trying to reverse or correct unauthorized charges, and exposure to the risk that the issuers could assert a breach of contract claim or terminate the underlying contract.

65.     Plaintiffs, individually and on behalf of all similarly situated consumers, seek all damages caused by Defendants' actions and punitive damages because Defendants' actions were intentional and the result of oppression, fraud, and malice. Plaintiffs also seek an award of costs and reasonable attorneys' fees under Cal. Code Civ. P. § 1021.5.

**<u>Count Six</u>**

**Violation of California's False Advertising Law ("FAL")**

**Cal. Bus. & Prof. Code § 17500 *et seq.***

66.     Plaintiffs incorporate by reference the foregoing paragraphs.

67.     Defendants make and disseminate statements directed at consumers and the general public related to Defendants' payment method storage and charging practices and their related privacy policies. Defendants omit material information concerning their policies and practices from their statements, however, which Defendants know or should know renders their statements false and misleading.

68.     Defendants ask consumers to provide a new payment method or designate a payment method that is already stored on Amazon.com whenever consumers make a purchase or sign up for a monthly or annual subscription service through Defendants or their affiliates. Defendants' entire payment method submission process is designed to convince consumers that (i) the payment methods they give to Defendants are safe and secure, and (ii) they will always be given the chance to choose which payment method will be used for each purchase. At no time during the payment method submission and designation processes do Defendants disclose to consumers their policies and practices of storing payment methods in perpetuity or of charging—or letting their affiliates and supported retailers access and charge—non-designated payment methods automatically and without notice.

///

69.     Defendants do not disclose their "Privacy Notice" during the payment method submission and designation processes, and even if they did, the Privacy Notice does not clearly and conspicuously disclose to consumers Defendants' policy and practice of charging—or letting their affiliates access and charge—non-designated payment methods automatically and without notice.

70.     Weber was deceived by Defendants' statements and omissions made during Defendants' payment method submission and designation process, and there is a strong probability that similarly situated consumers in California and the general public were also or are likely to be deceived. Weber did not learn of Defendants' policy and practice of charging non-designated cards stored on Amazon.com—and letting their affiliates and other retailers do the same—until after he learned of the unauthorized charges on the non-designated corporate credit card.

71.     Weber and similarly situated consumers in California relied on Defendants' incomplete and misleading representations to their detriment and have been injured as a result. Their harm and damages include but are not limited to unauthorized charges to payment methods, additional interest, fees, and costs, time spent trying to reverse or correct unauthorized charges, and exposure to the risk that the payment method issuers could assert a breach of contract claim or terminate the underlying contract.

72.     Weber, individually and on behalf of similarly situated consumers in California, seeks individual, representative, and public injunctive relief and any other necessary orders or judgments that will prevent Defendants from continuing making their deceptive statements and omissions; restitution that will restore the full amount of their money or property; and disgorgement of Defendants' relevant profits and proceeds. Weber also seeks an award of costs and reasonable attorneys' fees under Cal. Code Civ. P. § 1021.5.

///

///

///

CLASS ACTION COMPLAINT

**Count Seven**

**Violation of California's Consumers Legal Remedies Act ("CLRA")**

**Cal. Civ. Code § 1750 *et seq.***

73.     Plaintiffs incorporate by reference the foregoing paragraphs.

74.     California's Consumers Legal Remedies Act ("CLRA") prohibits the use of unfair methods of competition and unfair and deceptive acts and practices related to their sale of goods and services.

75.     Defendants have made false and misleading representations and omissions in violation of the CLRA in connection with their payment method storage and charging policies and practices and their related policies and practices of allowing their affiliates and supported retailers to access and automatically charge non-designated payment methods. Defendants' representations and omissions made during their online payment method payment submission and designation process violate the CLRA by:

a.     Representing that their goods or services have characteristics, uses, and benefits which they do not have, in violation of Section 1770(a)(5);

b.     Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, in violation of Section 1770(a)(14); and

c.     Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, in violation of Section 1770(a)(16).

76.     Defendants' policies and practices related non-designated payment methods also violate Section 1770(a)(14) and Section 1770(a)(19) of the CLRA because such policies and practices involve terms that are prohibited by law and that are unconscionable.

77.     The terms and practices are prohibited by various federal and state laws as set forth above.

*///*

CLASS ACTION COMPLAINT

78.     The terms and practices are also both procedurally and substantively unconscionable. They are procedurally unconscionable because they are not reasonably disclosed before or during the payment method submission and designation process or at any other time. They are substantively unconscionable because they are illegal and because they are implemented without notice and cause consumers to have charges made to payment methods they never authorized (and sometimes for payments they never even knew about). The lack of disclosure causes consumers complete surprise and the terms are purely adhesive. The illegal nature of the terms, how they are implemented without notice, and how they are implemented without regard to who signed up for the subscription service and what payment method was actually designated is unreasonably favorable to Defendants and shocks the conscience.

79.     Weber and similarly situated consumers in California relied on Defendants' statements and omissions to their detriment. They also were harmed by Defendants' prohibited and unconscionable terms and practices. Their harm and damages include providing payment methods to Amazon.com without full information; allowing payment methods to be stored on Amazon.com not knowing there was a risk that Defendants and their affiliates and retailers could make automatic charges to such payment methods without notice; unauthorized charges actually being made without notice; additional interest, fees, and costs related to such charges; time spent trying to reverse or correct unauthorized charges; and the risk that the payment method issuers could assert a breach of contract claim or terminate the underlying contract.

80.     Under Sections 1780 and 1781 of the CLRA, Weber, individually and on behalf of similarly situated consumers in California, seeks an individual, representative, and public injunctive relief preventing Defendants from continuing to use their unlawful methods, acts, and practices; restitution of all unauthorized charges; costs and reasonable attorneys' fees; and any other relief that the Court deems proper.

///

///

1   81.   Weber filed as <u>Exhibit 1</u> an affidavit in support of this action stating facts

2   showing that the action has been commenced in a county or judicial district that

3   constitutes a proper place for the trial of this action.

4                            **Count Eight**

5         **Violation of California's Unfair Competition Law ("UCL")**

6               **Cal. Bus. & Prof. Code § 17200 *et seq.***

7   82.   Plaintiffs incorporate by reference the foregoing paragraphs.

8   83.   Defendants have engaged in unlawful, unfair, and fraudulent business acts

9   and practices, and unfair, deceptive, untrue, and misleading advertisements that

10  constitute unfair competition and false and misleading advertising under California's

11  Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

12  84.   Defendants' acts, practices, and statements/omissions that violate the EFTA,

13  ECPA, FAL, and CLRA, and that constitute common law fraud, conversion, and

14  interference with contract all are unlawful and violate the UCL.

15  85.   Defendants' acts and practices also violate California's Online Privacy

16  Protection Act, Cal. Bus. & Prof. Code § 22575 *et seq.* ("OPPA"), and are unlawful and

17  unfair under the UCL.

18  86.   Defendants operate the commercial website Amazon.com and collect

19  personally identifiable information through Amazon.com.

20  87.   Defendants fail to conspicuously post their "Privacy Policy" on

21  Amazon.com generally and on the relevant payment method submission and designation

22  webpages in particular. Defendants also fail to adequately: identify all of the personally

23  identifiable information that Amazon.com collects; identify the affiliates and third parties

24  with whom they intend to share such information; describe the process by which they

25  notify consumers of material changes to their privacy policies; or disclose that their

26  affiliates can obtain and use consumers' personally identifiable information.

27  ///

28  ///

88. Defendants do not tell consumers that they collect multiple types of payment methods and store the information in perpetuity unless the consumer affirmatively deletes it. Defendants do not identify the affiliates who will or may obtain the consumers' payment methods from Amazon.com. Defendants do not tell consumers when and how they will notify them (if at all) about material changes to the privacy policies that existed when the payment method(s) were first provided to Amazon.com. And Defendants make no mention of the fact that their affiliates can obtain the payment methods for purposes of making automatic charges, whether or not such payment methods were ever provided directly to the affiliates, were designated for automatic payments, or have the same name as the original payment method.

89. Defendants rely on vague and incomplete disclosures that never mention "debit cards" or "bank accounts" and that never let consumers know that their payment methods will be made available to all of Defendants' affiliates and/or other retailers in certain circumstances, even if the cardholder, the Amazon account holder, and the subscriber to an affiliate's services are not the same person and even when they designated different payment methods.

90. Defendants knowingly and willfully failed to provide consumers with adequate disclosures and compliant privacy policies. Alternatively, Defendants owed a duty to act with reasonable care and they negligently and materially failed to provide consumers with adequate disclosures and compliant privacy policies.

91. As a result of Defendants' failure to adequately disclose compliant privacy policies, Weber and similarly situated consumers in California were not fully informed about Defendants' intended use and disclosure of their payment methods when they provided such payment methods to Amazon.com. Defendants' failures directly caused Weber and similarly situated consumers in California to lose or be deprived of their money by having their payment methods charged without consent or authorization.

///

///

CLASS ACTION COMPLAINT

92.    Weber, individually and on behalf of similarly situated consumers in California, seeks individual, representative, and public injunctive relief and any necessary orders or judgments that will prevent Defendants from continuing with their unlawful acts, practices, and advertisements; restitution that restores the full amount of Weber's and similarly situated consumers' money or property; and disgorgement of Defendants' related profits and proceeds. Weber also seeks an award of reasonable costs and attorneys' fees under Cal. Code Civ. Proc. § 1021.5.

## Count Nine

### Violation of North Carolina's Unfair Competition Law

### N.C. Gen. Stat. § 75-1

93.    Plaintiffs incorporate by reference the foregoing paragraphs.

94.    North Carolina's unfair competition law declares unlawful all "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. § 75-1.1. Violation of the common law or statutory law violates North Carolina's unfair competition law.

95.    Each of the violations of the common law and federal statutory law described above also constitute violations of North Carolina's unfair competition law.

96.    Additionally, Defendants' unconscionable practice of charging non-designated cards without notice are independently unlawful under North Carolina's unfair competition law.

97.    Defendants' unlawful, unfair, and deceptive acts and practices caused Rees and similarly situated consumers in North Carolina to suffer harm, including having unauthorized payment methods charged automatically without notice.

98.    Rees, individually and on behalf of similarly situated consumers in North Carolina, are entitled to recover their actual damages, treble damages, and reasonable costs and attorney's fees.

///

///

CLASS ACTION COMPLAINT

## Count Ten

### Restitution / Unjust Enrichment

99.    Plaintiffs incorporate by reference the foregoing paragraphs.

100.    Alternatively, Plaintiffs and similarly situated consumers are equitably entitled to recover from Defendants for their inequitable and deceptive acts and practices.

101.    Plaintiffs and similarly situated consumers conferred specific economic benefits on Defendants via the unauthorized charges made to their payment methods. Defendants knowingly accepted and retained the benefits of the unauthorized charges and were unjustly enriched by the benefits they received. It would be unjust and unconscionable to permit Defendants to be so enriched and continue to be enriched in the future based on the same inequitable and deceptive acts and practices.

102.    Defendants should be required to disgorge all amounts that they have been unjustly enriched, and Plaintiffs and similarly situated consumers should recover such amounts, with interest, as restitution. Such amounts include the amount of each unauthorized charge (for Weber, $29.90; for Rees, $31.92). Plaintiffs, individually and on behalf of similarly situated consumers, further seek an injunction and any other necessary orders or judgments that will prevent Defendants from continuing their inequitable and deceptive acts and practices. Plaintiffs also seek an award of costs and reasonable attorneys' fees under Cal. Code Civ. P. § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated consumers request the following relief against Defendants:

(1)    Certification of this action as a class action under Federal Rule of Civil Procedure 23, appointing Plaintiffs as class representatives and Soderstrom Law PC as class counsel;

(2)    An award of actual, statutory, treble, and punitive damages in an amount sufficient to make them whole, compensate them for all harm, and punish and deter Defendants' wrongful conduct;

23

CLASS ACTION COMPLAINT

(3)     An award of restitution and/or disgorgement of profits and revenues to make Plaintiffs whole and to avoid unjust enrichment;

(4)     An award of declaratory and individual, representative, and public injunctive relief stating that Defendants' acts and practices are unlawful and requiring corrective action as permitted by law, including but not limited to corrective advertising, corrected disclosures and privacy notices, and prohibiting the practice of charging and allowing affiliate to charge non-designated payment methods without notice; and

(5)     An award to Plaintiffs and Class counsel of reasonable litigation costs, expenses, and attorneys' fees under the EFTA, ECPA, CLRA, California Code of Civil Procedure section 1021.5, or under any other applicable rule or statute;

(6)     An award to Plaintiffs and similarly situated consumers pre-judgment and post-judgment interest, to the extent allowed by law; and

(7)     Any and all other relief as equity and justice requires.

Dated: December 8, 2017                  SODERSTROM LAW PC

                                                          By: */s/ Jamin S. Soderstrom*

                                                                Jamin S. Soderstrom

                                                          *Counsel for Plaintiffs and the Proposed Class*

CLASS ACTION COMPLAINT

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury of all issues triable by jury.

Dated: December 8, 2017              SODERSTROM LAW PC

                                     By: */s/ Jamin S. Soderstrom*

                                          Jamin S. Soderstrom

                                     *Counsel for Plaintiffs and the Proposed Class*