JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300
Facsimile:    415.281.1350

ANNASARA G. PURCELL (CSB No. 295512)
apurcell@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA  98101
Telephone:   206.389.4510
Facsimile:    206.389.4511

ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:   650.988.8500
Facsimile:    650.938.5200

Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| ERIC WEBER and BRYAN REES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON SERVICES LLC,<br><br>Defendants. | Case No.: 2:17-cv-01941 GW(Ex)<br><br>**JOINT STATEMENT OF STIPULATED FACTS RE MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS AS TO PLAINTIFF ERIC WEBER [DKT. 28]**<br><br>Judge:    George H. Wu<br>Trial Date: NONE SET |

JOINT STATEMENT OF
STIPULATED FACTS RE
MTN TO COMPEL ARB.                           Case No. 2:17-cv-8868 GW(Ex)

Pursuant to the Court's Tentative Ruling regarding Amazon's Motion to Compel Arbitration and Dismiss Claims as to Plaintiff Eric Weber, issued on April 2, 2018 (Dkt. No. 35), the parties submit the following statement of stipulated facts regarding Amazon's historic conditions of use, "Place your order" webpages and flows, and Mr. Weber's use of the Amazon website.

After meeting and conferring, and based upon Amazon's counsel's representation that certain identified Amazon personnel possess personal knowledge and have reviewed appropriate business records will testify to the authenticity, accuracy, and applicable dates of the records attached hereto, Plaintiffs' counsel has agreed to stipulate that the documents and screenshots attached as exhibits to this Stipulation are (i) true and correct copies of Amazon's Conditions of Use that were posted on Amazon's public-facing website during the stated time period, and (ii) accurate representations of the form of the webpages Mr. Weber visited when completing a purchase on Amazon.com's standard desktop or standard mobile website on the identified dates.

## Amazon's Historic Conditions of Use

(1) Attached to this Stipulation as **Exhibit A** is a true and correct representation of Amazon's Conditions of Use as they appeared on Amazon's website in March of 2010, at the time that Mr. Weber first placed an order from his merchant account. These Conditions of Use were issued in 2008 and remained unchanged on Amazon's website until May 14, 2010.

(2) Attached to this Stipulation as **Exhibit B** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from May 14, 2010, to August 19, 2011. These Terms and Conditions were in place at the time that Mr. Weber first placed an order from his non-merchant account in February of 2011.

JOINT STATEMENT OF
STIPULATED FACTS RE
MTN TO COMPEL ARB.  1  Case No. 2:17-cv-8868 GW(Ex)

(3) Attached to this Stipulation as **Exhibit C** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from August 19, 2011 until September 6, 2012.

(4) Attached to this Stipulation as **Exhibit D** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from September 6, 2012 until October 10, 2012.

(5) Attached to this Stipulation as **Exhibit E** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from October 10, 2012 until November 8, 2012.

(6) Attached to this Stipulation as **Exhibit F** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from November 8, 2012 until December 5, 2012.

(7) Attached to this Stipulation as **Exhibit G** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from December 5, 2012 until June 22, 2015.

(8) Attached to this Stipulation as **Exhibit H** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from June 22, 2015 until February 12, 2016.

(9) Attached to this Stipulation as **Exhibit I** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from February 12, 2016 until May 16, 2016.

(10) Attached to this Stipulation as **Exhibit J** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from May 16, 2016 to June 21, 2016.

(11) Attached to this Stipulation as **Exhibit K** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from June 21, 2016 until May 30, 2017;

(12)   Attached to this Stipulation as **Exhibit L** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from May 30, 2017 until October 3, 3017;

(13)   Attached to this Stipulation as **Exhibit M** is a true and correct copy of Amazon's Conditions of Use as they appeared on Amazon's website from October 3, 2017, through the time of this filing.

### Mr. Weber's Use of Amazon.com

(14)   Amazon has produced records to Plaintiffs' counsel demonstrating that each of Mr. Weber's identified orders for physical goods placed on Amazon.com was placed using Amazon's standard checkout method. By "standard checkout method," Amazon means that Mr. Weber went through the standard process of placing an item in his online shopping cart and then completed the online checkout process. The standard checkout method applies to both the desktop and mobile versions of the Amazon website, and the Amazon mobile app. The standard checkout process is in contrast to "one-click" ordering, available for some products, through which customers can click on a button and check out directly from the product page. Amazon's records show that each time Mr. Weber placed an order for a physical item (as opposed to a digital download) using the Amazon desktop or mobile website, he utilized the standard checkout method. Amazon has provided these records to Plaintiffs' counsel, and Mr. Weber does not dispute that he has used the standard checkout method. Based on the representations provided by Amazon, Mr. Weber has no reason to dispute that he used the standard checkout method for the specific purchases reflected in the records Amazon has provided. The records Amazon provided to Plaintiffs' counsel are attached to this Stipulation as **Exhibit N** (using merchant account) and **Exhibit O** (using non-merchant account).

(15) Amazon's records submitted in support of its Motion show that between his two accounts, Mr. Weber made purchases using the standard checkout method at least 450 times since creating his accounts. *See* Ex. N, Ex. O. For purposes of this Stipulation, the parties agree that Mr. Weber placed orders using the standard checkout method on February 21, 2017, February 28, 2017, and March 10, 2017 (collectively, "2017 Agreed Purchase Dates").  The parties further agree that Mr. Weber placed orders using the standard checkout method on March 13, 2018, March 14, 2018, and March 18, 2018 (collectively, "2018 Agreed Purchase Dates").  All purchases made on the Agreed Purchase Dates were made using Mr. Weber's non-merchant account.  *See* Exhibit O.

(16) Amazon's records show that on all of the 2017 Agreed Purchase Dates and 2018 Agreed Purchase Dates, the checkout page for users checking out using the standard checkout method (which Mr. Weber used on those dates) appeared as shown in **Exhibit P**, **Exhibit Q**, and **Exhibit R** hereto.  **Exhibit P** is a compilation of two images showing the two possible ways in which the standard checkout page can appear on the Amazon.com desktop site.  **Exhibit Q** is the standard checkout page as it appeared on the Amazon.com mobile website.  **Exhibit R** is the standard checkout page as it appeared on the Amazon mobile app.  For the Court's reference, these exhibits provide complete versions of all screenshots previously submitted as Exhibit 9 to the Declaration of Karen Ressmeyer in support of Defendant's Motion. Mr. Weber's recollection is that he usually places orders using the Amazon mobile website (Exhibit Q), but also places some orders using the Amazon desktop website (Exhibit P). See Dkt. 30-1 at ¶ 4. Amazon has not provided Plaintiffs' counsel records showing which type of device was used to make purchases on the 2017 Agreed Purchase Dates and 2018 Agreed Purchase Dates.  Amazon contends, and Plaintiff does not dispute, that all purchases are necessarily made through either the

Amazon.com desktop website (Exhibit P), mobile website (Exhibit Q), or Amazon mobile app (Exhibit R).

(17)    Amazon represents and Plaintiffs stipulate that Exhibits P, Q, and R accurately reflect the standard checkout for the Amazon desktop website, mobile website, and mobile app, respectively, on the 2017 Agreed Purchase Dates and 2018 Agreed Purchase Dates, as verified by Lis Safion, the Principal Technical Program Manager of Amazon's checkout team.  Ms. Safion reviewed the history of the checkout page and all weblabs that could have impacted the appearance of the page.  Based on that review, Ms. Safion could competently testify that Exhibits P, Q, and R accurately reflect how each respective checkout webpage or flow appeared on all of the 2017 Agreed Purchase Dates and 2018 Agreed Purchase Dates.  With regards to the desktop site (Exhibit P), Ms. Safion verified that all customers using the standard checkout method on the desktop website on the Agreed Purchase Dates would see one of the two versions of the checkout screen included in Exhibit P, depending on what items they order.

(18)    While the checkout screen Mr. Weber actually saw on the Agreed Purchase Dates would have shown Mr. Weber's actual product purchases rather than the purchases shown in the sample, and the screen may have also shown special offers relating to his specific purchases, Ms. Safion could competently testify that for each desktop, mobile, and app page layout, the "Place your order" button(s), and any disclosures surrounding the "Place your order" button(s) would have always appeared as shown in Exhibits P, Q, and R.

(19)    In his opposition to Defendant's Motion, Mr. Weber attached certain historic versions of Defendant's desktop checkout webpage, and he noted that the historic versions of the checkout webpage are not the same as the webpages shown in Exhibit P.  *See* Dkt. 30-3 at ¶ 4; Dkt. 30-6.  Those historic versions are dated from 2014 and, as noted by the courts in the decisions cited by Plaintiffs, those

JOINT STATEMENT OF
STIPULATED FACTS RE
MTN TO COMPEL ARB.                                    5                    Case No. 2:17-cv-8868 GW(Ex)

screenshots accurately reflected Amazon's desktop checkout webpage in 2015. Ms. Safion has verified that Amazon modified the desktop checkout webpage prior to the 2017 Agreed Purchase Dates and the 2018 Agreed Purchase Dates, and that Exhibits P, Q, and R accurately reflect the checkout pages as they existed on the Agreed Purchase Dates.

(20) Karen Ressmeyer could competently testify that, based on her personal knowledge and review of records kept in the regular course of Amazon's business, on each of the 2017 Agreed Purchase Dates, if Mr. Weber had clicked on any of the "Conditions of Use" hyperlinks shown in Exhibits P, Q, or R, he would have been taken to the Conditions of Use shown in Exhibit K.

(21) Ms. Ressmeyer could also competently testify that, based on her personal knowledge and review of records kept in the regular course of Amazon's business, on each of the 2018 Agreed Purchase Dates, if Mr. Weber had clicked on any of the "Conditions of Use" hyperlinks shown in Exhibits P, Q, or R, he would have been taken to the Conditions of Use shown in Exhibit M.

### Amazon Prime Sign-up

(22) Amazon is no longer relying on Mr. Weber's sign up with Amazon Prime as a basis to compel arbitration for purposes of this motion.

Dated: April 20, 2018    FENWICK & WEST LLP

By: /s/ *Jedediah Wakefield*
Jedediah Wakefield
Annasara G. Purcell
Armen Nercessian

Attorneys for Defendants

//

//

JOINT STATEMENT OF
STIPULATED FACTS RE
MTN TO COMPEL ARB.         6         Case No. 2:17-cv-8868 GW(Ex)

Dated: April 20, 2018					SODERSTROM LAW PC

							By: /s/ *Jamin Soderstrom*
							    Jamin Soderstrom

							Attorney for Plaintiffs

### **ATTESTATION**

Concurrence in the filing of this document has been obtained from the other signatories.

Dated: April 20, 2018					FENWICK & WEST LLP

							By: /s/ *Jedediah Wakefield*
							    Jedediah Wakefield
							    Annasara G. Purcell
							    Armen Nercessian

							Attorneys for Defendants

JOINT STATEMENT OF
STIPULATED FACTS RE
MTN TO COMPEL ARB.			7		Case No. 2:17-cv-8868 GW(Ex)