JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

ANNASARA G. PURCELL (CSB No. 295512)
apurcell@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| ERIC WEBER and BRYAN REES,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON SERVICES LLC,<br><br>Defendants. | Case No.: 2:17-cv-08868-GW(Ex)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST TO FILE SURREPLY IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS**<br><br>Judge: George H. Wu<br>Trial Date: NONE SET |

Plaintiff's ex-parte request to file a surreply should be denied. Alternatively, if the Court allows the surreply, Amazon requests leave to file the attached short response to the new (and inconsistent) arguments Plaintiff now hopes to raise.

A court should deny leave to file a surreply when the reply does not raise new arguments or new evidence. *See Chloe SAS v. Sawabeh Info. Servs. Co.*, No. CV 11-04147, 2015 WL 12734005 at *3 (C.D. Cal. June 3, 2015) (citing *Jordan v. Terhune*, No. CIV S-03-1820, 2009 WL 276764, *3 (E.D. Cal. Feb. 5, 2009)). Importantly, evidence raised in a reply in response to arguments or evidence in the opposition is not "new" for purposes of a surreply. *Id.*

Here, the Court set a supplemental briefing schedule to address the applicability of the Ninth Circuit's *Douglas* opinion (Dkt. 38). The only additional information Amazon raised in its reply was in direct response to the tangential arguments Plaintiff raised in his opposition, which contained so many inaccuracies that Amazon could not leave it unrebutted. Notably, however, Plaintiff's proposed surreply does not address the substance of Amazon's reply. Instead, it raises new arguments that Plaintiff could have raised in the opposition, which was due on May 11, 2018.

Because there is nothing in Plaintiff's surreply that he was unable to raise in his supplemental opposition, leave to file the surreply should be denied. But if the Court decides to grant Plaintiff's request, Amazon also requests that the Court grant its request to file the attached brief response (**Exhibit A**), addressing the new arguments that Plaintiff has raised for the first time in his surreply.

Dated: May 29, 2018

FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*
Jedediah Wakefield

Attorneys for Defendants AMAZON.COM, INC. and AMAZON SERVICES LLC