# EXHIBIT A

| | |
|---|---|
| 1 | JEDEDIAH WAKEFIELD (CSB No. 178058) |
| | jwakefield@fenwick.com |
| 2 | ARMEN NERCESSIAN (CSB No. 284906) |
| | anercessian@fenwick.com |
| 3 | MATTHEW B. BECKER (CSB No. 291865) |
| | mbecker@fenwick.com |
| 4 | FENWICK & WEST LLP |
| | 555 California Street, 12th Floor |
| 5 | San Francisco, CA 94104 |
| | Telephone: 415.875.2300 |
| 6 | Facsimile: 415.281.1350 |
| 7 | ANNASARA G. PURCELL (CSB No. 295512) |
| | apurcell@fenwick.com |
| 8 | FENWICK & WEST LLP |
| | 1191 Second Avenue, 10th Floor |
| 9 | Seattle, WA 98101 |
| | Telephone: 206.389.4510 |
| 10 | Facsimile: 206.389.4511 |
| 11 | Attorneys for Defendants |
| | AMAZON.COM, INC. and |
| 12 | AMAZON SERVICES LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| ERIC WEBER and BRYAN REES, | Case No.: 2:17-cv-08868-GW(Ex) |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S SURREPLY IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS** |
| v. | |
| AMAZON.COM, INC., and AMAZON SERVICES LLC, | Judge: George H. Wu |
| Defendants. | Trial Date: NONE SET |

Plaintiff Eric Weber argues for the first time on surreply that even if he assented to Amazon's arbitration provision *after* acknowledging that Amazon's terms had changed, he should not be held to the terms of his agreements because it would somehow be "unfair" to enforce agreements he entered into after signing up for Amazon Prime.  Plaintiff's new and untimely argument contradicts his earlier statements, rests on false factual assumptions, and fails to provide a basis to invalidate his repeated agreements with Amazon.

First, there is in fact no conflict between Plaintiff's enjoyment of Prime benefits and his agreement to arbitrate when making purchases from Amazon. Amazon Prime comes with many benefits including free video and music streaming, online photo storage, special deals and discounts, and many other services.  It also provides free two-day shipping from certain—but not all vendors. After Mr. Weber acknowledged the change in Amazon's terms on March 7, 2018, several of the subsequent purchases he made were from vendors that were not Prime-eligible.[1]  This means he was not using any Amazon Prime benefit when he made those purchases and assented to Amazon's terms.  Accordingly, Mr. Weber's assent to the arbitration agreement on those dates was unrelated to his Prime membership or benefits.[2]

Second, Plaintiffs' new argument directly contradicts his earlier representations in opposition to this very motion.  In his original opposition to Amazon's motion to compel arbitration, Plaintiff claimed that "he had no reason to and did not intentionally sign up for a new Amazon Prime membership." Dkt. 30-1

---

[1] These purchases were made on March 9, 13, and 14, and April 1, 2018—purchases reflected in the parties' stipulation (Dkt. 39, Ex. O).  If the Court is inclined to consider Plaintiff's late argument, Amazon is prepared to provide a declaration confirming that these purchases were not Amazon Prime purchases.

[2] Moreover, Amazon Prime terms include an arbitration provision, and incorporate by reference the Amazon Conditions of Use that Mr. Weber accepted repeatedly. *See* https://www.amazon.com/gp/help/customer/display.html?nodeId=13819201 (last updated October 31, 2017).

RESPONSE TO PLAINTIFF'S
SURREPLY RE: MOTION TO
COMPEL ARBITRATION                        1                  Case No. 2:17-cv-8868-GW(Ex)

at ¶ 5. He specifically claimed that he already enjoyed all benefits of an Amazon Prime membership by using his sister's household Amazon Prime membership. *Id.* He repeated this denial in his May 11, 2018 supplemental declaration. Dkt. 44-2 at ¶ 4. Yet after *renouncing* any such membership, he now argues that he would "unfair[ly]" be deprived of the benefits of his Prime membership." Plaintiff can't have it both ways. If he claims that he never signed up for Prime and has no need for it, he cannot claim it is somehow inequitable simply to hold him to the terms of agreements he accepted when making standard Amazon purchases. If Plaintiff contends that he did not sign up for Prime, he can request a refund in an arbitration.

Finally, Plaintiff's new argument on surreply has no impact on the supplemental briefing that the Court ordered. Plaintiff's surreply does not relate to the *Douglas* issue, and Plaintiff acknowledges that his new argument does not diminish the relevance of any instances where Mr. Weber may have assented to Amazon's terms before October 26, 2017. Dkt. 46-1 at 2. Because Mr. Weber already agreed to the arbitration provision through each and every of the many purchases he made after August 2011 (using both the Amazon desktop purchase flow and mobile purchase flow), Plaintiff's new argument is largely irrelevant. If the Court holds that any of Mr. Weber's many purchases after August 19, 2011 and prior to October 26, 2017 constituted assent to Amazon's terms, then such assent was provided prior to signing up for Amazon Prime, and no conflict exists.

For the reasons stated above, the Court should enforce Mr. Weber's arbitration agreement with Amazon, whether entered into via purchases made before or after signing up for Amazon Prime.

Dated: May 29, 2018

FENWICK & WEST LLP

By: /s/ *Jedediah Wakefield*
Jedediah Wakefield

Attorneys for Defendants AMAZON.COM, INC. and AMAZON SERVICES LLC