JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
ARMEN NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| ERIC WEBER and BRYAN REES,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON SERVICES LLC,<br><br>Defendants. | Case No.: 2:17-cv-08868-GW(Ex)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF ERIC WEBER'S OBJECTION**<br><br>Judge: George H. Wu<br>Trial Date: NONE SET |

At the June 4, 2018 hearing on Defendants Amazon.com, Inc. and Amazon Services LLC's motion to compel arbitration as to Plaintiff Eric Weber, the Court ordered supplemental briefing on whether Weber ever used the Amazon checkout flows that the Court had approved as creating assent to the Amazon Conditions of Use. After the parties filed those briefs, Weber submitted an additional brief, styled as an "objection," attacking Defendants for referencing recent developments in the *Nicosia* lawsuit against Amazon. *See* Dkt. 62. Plaintiff's "objection" is yet another effort to get a last word in while unnecessarily multiplying the proceedings.

Weber already discussed the *Nicosia* case in both his opposition to the motion to compel arbitration and in his supplemental brief. *See* Dkt. 61 at 1, 3-5; Dkt. 30 at 10-12. All Amazon did in *its* supplemental brief was inform the Court of developments in *Nicosia* following remand from the Second Circuit. *See* Dkt. 60 at 7. There is nothing improper about this, and the Court can give whatever weight to the *Nicosia* report and recommendation it deems appropriate. The reasoning of the *Nicosia* report, not its precedential weight, is what matters: a plaintiff who makes repeated purchases using screens that link to updated service terms assents to those terms under an objective standard. Here, Weber placed hundreds of orders on Amazon, including dozens through the checkout flows that the Court has ruled are sufficient to create assent to the Amazon Conditions of Use. *See* Dkt. 59 ¶¶ 3, 6, Exs. A, D. Moreover, the suggestion that Defendants referenced the *Nicosia* report in an attempt to somehow skirt page limits (Dkt. 62 at 3) is laughable, particularly as it comes packaged in yet another round of supplemental briefing from Plaintiff.

In short, Weber's objection just creates a sideshow that distracts from the key issues that remain open on the motion. The Court should overrule it.

Dated: July 27, 2018

FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*
Jedediah Wakefield

Attorneys for Defendants AMAZON.COM, INC. and AMAZON SERVICES LLC

DEFENDANTS' RESPONSE TO WEBER'S OBJECTION
1
Case No. 2:17-cv-8868-GW(Ex)